**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

NEW YORK MARINE AND
GENERAL INSURANCE COMPANY,

     Plaintiff,

v.

     Case No.

DESIREE PEREZ, and
DEMOREE HADLEY,

     Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, New York Marine and General Insurance Company ("NYM"), by and through

undersigned counsel files this Complaint for Declaratory Judgment against Defendants, Desiree

Perez ("Mrs. Perez") and Demoree Hadley ("Mrs. Hadley").

## I.  NATURE OF RELIEF SOUGHT

1.  NYM brings this declaratory judgment action pursuant to 28 U.S.C. 2201 *et seq.* to

determine the scope of NYM's insurance coverage obligations to Mrs. Perez under commercial

liability policies (the "Policies") issued to Roc Nation, LLC ("Roc Nation") with respect to the

lawsuit captioned *Demoree Hadley v. Desiree Perez, et al.,* Case No. 25-cv-22162-BB, United

States District Court for the Southern District of Florida (the "Underlying Lawsuit"). Roc Nation

is a company in the entertainment and sports industries that represents musicians and professional

athletes, selects performers for the Super Bowl, and assists clients with content creation for

concerts and movies. Mrs. Hadley's claims against Mrs. Perez originate from their contentious

mother-daughter relationship. Mrs. Hadley alleges in her Amended Complaint in the Underlying

Lawsuit that Mrs. Perez conspired to cause Mrs. Hadley to be wrongfully and involuntarily

committed to a drug treatment facility under Florida's Baker Act, unlawfully hacked Mrs. Hadley's iPhone, and illegally recorded Mrs. Hadley and her husband, Javon Hadley, in their bedroom. Mrs. Perez's alleged motives behind this conduct were to maintain control over Mrs. Hadley and to destroy Mrs. Hadley's marriage to Javon Hadley. Mrs. Hadley's claims against Mrs. Perez in the Amended Complaint are clearly not with respect to Mrs. Perez's duties as Roc Nation's Chief Executive Officer and are unrelated to Roc Nation's business. Consequently, Mrs. Perez is not an "insured" as defined by the Policies. Moreover, coverage is excluded for the alleged conduct that Mrs. Perez intended or knew would violate Mrs. Hadley's rights to privacy and under the Fourth Amendment. There is no reasonable possibility of providing coverage for Mrs. Perez for the claims against her in the Amended Complaint. Accordingly, NYM is entitled to entry of a declaratory judgment that NYM has no duty to defend or indemnify Mrs. Perez in connection with the Underlying Lawsuit.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. At all material times, NYM was and is a New York corporation with its principal place of business in New York, New York.

4. At all times material, Mrs. Perez was and is a citizen of and domiciled in New Jersey.

5. At all times material, Mrs. Hadley was and is a citizen of and domiciled in Florida. As plaintiff in the Underlying Lawsuit, Mrs. Hadley is an indispensable party to this action.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, based on the monetary value of the object of the litigation from NYM's perspective, including NYM's potential liability for attorney's fees, defense costs, the Policies' limits, and the amount of damages sought in the Underlying Lawsuit.

7. As to all counts for declaratory judgment in this Complaint, an actual, present, justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between the parties concerning their rights and duties under the Policies. NYM is in doubt as to its rights under the Policies, in particular with regard to its duty to defend and indemnify Mrs. Perez for the Underlying Lawsuit.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

### III.   FACTUAL ALLEGATIONS

**A.   The Underlying Lawsuit**

9. On May 9, 2025, Mrs. Perez's daughter, Mrs. Hadley filed the Underlying Lawsuit against Mrs. Perez, Roc Nation, Natalie Anderson, Dr. Daniel Bober, and other defendants.

10. On June 3, 2025, Mrs. Hadley filed the Amended Complaint in the Underlying Lawsuit.

11. A true and correct copy of the Amended Complaint is attached as *Exhibit 1*.

12. The Amended Complaint alleges that for the past two years, Mrs. Perez has used her money, power, and influence to end the Hadleys' marriage. *Exhibit 1,* ¶ 27-28.

13. The Amended Complaint alleges that Mrs. Perez is CEO of Roc Nation and part owner of the company. *Exhibit 1*, ¶ 30.

14. The Amended Complaint alleges that Roc Nation is a company in the entertainment and sports industries, whose business includes representing entertainers in the music industry and

professional athletes, selecting performers for the Super Bowl, and assisting artists with content creation for concerts and movies. *Exhibit 1,* ¶ 31-34.

15.     The Amended Complaint alleges that Mrs. Perez conspired with others to illegally record the Hadleys in their bedroom, to hack Mrs. Hadley's iPhone, and to unlawfully detain the Hadleys on multiple occasions, including fabricating false evidence against them. *Exhibit 1,* ¶ 59.

16.     The Amended Complaint alleges that Mrs. Perez conspired with others to plant a camera and listening device in the Hadleys' bedroom without their knowledge, and tried to use the recordings against Javon Hadley in his criminal case. *Exhibit 1,* ¶ 61, 65.

17.     The Amended Complaint alleges that Mrs. Perez recorded the Hadleys' conversations and submitted those recordings to the prosecutor in Javon Hadley's criminal case. *Exhibit 1,* ¶ 68.

18.      The Amended Complaint alleges that Mrs. Perez hacked, or directed her technical staff at Roc Nation, to hack Mrs. Hadley's iPhone and iCloud account. *Exhibit 1,* ¶ 71.

19.     The Amended Complaint alleges that Mrs. Perez, her staff, or contractors used software to manipulate text messages, photographs, and videos, and used the data, and illegal bedroom recordings, to have Javon arrested and to cause Mrs. Hadley to be involuntarily committed. *Exhibit 1,* ¶ 89.

20.      The Amended Complaint alleges that on March 27, 2024, Mrs. Perez conspired with Dr. Bober to wrongfully commit Mrs. Hadley to his drug treatment facility. *Exhibit 1,* ¶ 220.

21.     The Amended Complaint alleges that Mrs. Perez hired private investigators to lure Mrs. Hadley to a property where Dr. Bober detained Mrs. Hadley against her will. *Exhibit 1,* ¶ 223, 226.

22.     The Amended Complaint alleges that Dr. Bober diagnosed Mrs. Hadley with unspecified psychosis without examining her, ordered 24-hour supervision, and directed hospital staff to medicate her. *Exhibit 1,* ¶ 295, 298-299.

23.      The Amended Complaint alleges that on March 29, 2024, Mrs. Hadley filed a petition with the court falsely accusing Mrs. Hadley of drug use and requesting that Mrs. Hadley be transferred to Dr. Bober's facility. *Exhibit 1,* ¶ 305-306.

24.      Count 3 of the Amended Complaint, "Civil Conspiracy Florida Law" against Mrs. Perez, the investigators, and Dr. Bober, alleges that Mrs. Perez and Dr. Bober conspired with investigators to falsely imprison Mrs. Hadley and commit her to his drug rehab facility, even though Mrs. Hadley did not use drugs or meet the criteria for involuntary commitment. *Exhibit 1,* ¶ 403-410.

25.      Count 4 of the Amended Complaint, "Fourth Amendment Violation" against Mrs. Perez alleges that Mrs. Perez intentionally conspired to violate Mrs. Hadley's Fourth Amendment rights not to be imprisoned without probable cause. *Exhibit 1,* ¶ 411-420.

26.      Count 8 of the Amended Complaint, "State Law False Arrest/Imprisonment, Mrs. Perez Falsely Imprisoned Mrs. Hadley Under Florida law", alleges that Mrs. Perez conspired with Dr. Bober and investigators to intentionally restrain Mrs. Hadley, directed Dr. Bober and the investigators to detain Mrs. Hadley without probable cause to believe Mrs. Hadley met criteria for involuntary commitment, and compensated Dr. Bober and the investigators for their services. *Exhibit 1,* ¶ 448-454.

27.      Count 16 of the Amended Complaint, "Violation of the Stored Communications Act against Mrs. Perez and Roc Nation" alleges that Mrs. Perez violated Mrs. Hadley's privacy by accessing and storing private and confidential information from her iCloud account and knowingly intercepted Mrs. Hadley's electronic communications with intent to harm the Hadleys and maintain over control Mrs. Hadley. *Exhibit 1,* ¶ 512-525.

28.      Counts 17 and 18 of the Amended Complaint allege that Mrs. Perez violated the Federal Wiretap Act and Florida Security of Communications Act by intentionally intercepting the Hadleys'

5

communications using recording devices placed in their bedroom, and the interception of communications with intent to harm and maintain control over Mrs. Hadley. *Exhibit 1,* ¶ 526-537.

29.     On or about October 8, 2025, the claims in the Amended Complaint against Roc Nation and Natalie Anderson were dismissed from the Underlying Lawsuit with prejudice.

**B.      The Policies**

30.      NYM issued policy number PK202300022013 to the Named Insured, Roc Nation, LLC, effective from November 1, 2023 to September 25, 2024, with coverage limits of $1,000,000 each occurrence, personal & advertising injury limits of $1,000,000, and general aggregate limits of $2,000,000 (the "CGL Policy").

31.     A true and correct copy of the CGL Policy is attached as *Exhibit 2*.

32.     The CGL Policy's Insuring Agreement for Bodily Injury and Property Damage Liability, as amended by New York Changes – Commercial General Liability Coverage Form endorsement (CG 01 63 04 17), states in relevant part:

**SECTION I - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period.

* * *

33. The CGL Policy's Insuring Agreement for Personal and Advertising Injury Liability, as amended by New York Changes – Commercial General Liability Coverage Form endorsement, states in relevant part:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed during the policy period.

\* \* \*

34. The CGL Policy contains certain exclusions to Coverage A – Bodily Injury and Property Damage Liability, including:

**2. Exclusions**

This insurance does not apply to:

    **a. Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

35. The CGL Policy contains certain exclusions to coverage for Personal and Advertising Injury Liability, including:

**2. Exclusions**

This insurance does not apply to:

    **a. Knowing Violation Of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.  Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.  Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

36.     The Policies define "you" and "your" as "the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy."

37.     The Policies define "insured" as "any person or organization qualifying as such under Section II – Who Is An Insured".

38.     The CGL Policy's Section II – Who Is An Insured provision states in relevant part:

**SECTION II – WHO IS AN INSURED**

**1.**  If you are designated in the Declarations as:

\* \* \*

**c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are also insureds, but only with respect to their duties as your managers.

\* \* \*

39.     The CGL Policy contains the following relevant Definitions:

**SECTION V- DEFINITIONS**

\* \* \*

**3**.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the  same general harmful conditions.

\* \* \*

8

**15.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress, or slogan in your "advertisement".

\* \* \*

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

40. The CGL Policy's Section IV – Commercial General Liability Conditions states in relevant part:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

\* \* \*

9

**d.** No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, incur any expense, other than for first aid, without our consent.

\* \* \*

41.     NYM also issued policy number UM202300009440 to the Named Insured, Roc Nation, LLC, effective from November 1, 2023 to September 25, 2024, with coverage limits for umbrella-excess liability of $10,000,000 each occurrence and $10,000,000 general aggregate (the "CUL Policy").

42.     A true and correct copy of the CUL Policy is attached as *Exhibit 3*.

43.     The CUL Policy's Section I. Coverages, Coverage A – Excess Liability – Insuring Agreement states in relevant part:

**A. COVERAGE A – EXCESS LIABILITY INSURING AGREEMENT**

**1.** This coverage applies only to injury or damage covered by "underlying insurance". The definitions, terms, conditions, limitations, exclusions and warranties of the "underlying insurance" in effect at the inception of this policy apply to this coverage unless they:

**a.** Conflict with the provisions of this insurance; or
**b.** Relate to any of the following: premium; our right to recover payment; "other insurance"; any duty to investigate; the amount or limits of insurance; the payment of expenses; cancellation; or any renewal agreement.

**2.** We will pay on behalf of any insured those sums in excess of "underlying insurance" or "other insurance" that any insured becomes legally obligated to pay as damages to which this insurance applies. If "underlying insurance" does not pay any claim or "suit" for any reason other than exhaustion of their limits of insurance, we will not pay such claim or "suit".

**3.** Coverage A applies only to "occurrences" which take place during this policy period.

**4.** The amount we will pay for damages is limited in SECTION III. LIMITS OF INSURANCE.

\* \* \*

44.     The CUL Policy's Schedule of Underlying Insurance identifies the CGL Policy as "underlying insurance".

10

45.     Coverage under the CUL Policy for the Underlying Lawsuit is subject to the same definitions, terms, conditions, limitations, exclusions, and warranties as the CGL Policy. The CGL Policy and CUL Policy are collectively referred in this pleading as the "Policies".

**C.     Relevant Claims Handling**

46.     On or about October 8, 2025, Mrs. Perez tendered the Amended Complaint to NYM and demanded that NYM pay for her entire defense in the Underlying Lawsuit.

47.     NYM offered to defend Mrs. Perez under a reservation of rights, including reserving NYM's rights to recoup all attorney's fees and costs paid by NYM to defend Mrs. Perez.

48.     A true and correct copy of the reservation of rights letter is attached as *Exhibit 4*.

**COUNT I**
**DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND**
**MRS. PEREZ IS NOT AN "INSURED"**

49.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

50.     Coverage under the Policies' Insuring Agreements applies to damages that an "insured" must pay because of "bodily injury", "property damage", and "personal and advertising injury" to which coverage applies, and NYM will have the right and duty to defend an "insured" against any suit seeking such damages.

51.     Under the Policies' Section II – Who Is An Insured, a limited liability company's members are "insureds", but only with respect to the conduct of the company's business.

52.     Under the Policies' Section II – Who Is An Insured, a limited liability company's managers are "insureds", but only with respect to their duties as the company's managers.

53.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury", "property damage", and "personal and advertising injury" are not with respect to the conduct of Roc Nation's business or Mrs. Perez's duties as Roc Nation's CEO.

54.     Consequently, Mrs. Perez does not satisfy the Policies' definition of "insured" for claims alleged in the Amended Complaint.

55.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT II**
**DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND**
**"PERSONAL AND ADVERTISING INJURY" NOT CAUSED BY AN OFFENSE**
**ARISING OUT OF ROC NATION'S BUSINESS**

56.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

57.     Under the Policies' Insuring Agreement for Personal and Advertising Injury Liability, coverage applies to sums an insured must pay as damages because of "personal and advertising injury" caused by an offense arising out of the named insured's business, and NYM will have the right and duty to defend an "insured" against any suit seeking such damages.

58.     The alleged damages and claims in the Amended Complaint do not constitute damages because of "personal and advertising injury" caused by an offense arising out of Roc Nation's business.

59.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT III**
**DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND**
**"BODILY INJURY" NOT CAUSED BY AN "OCCURRENCE"**

12

60.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

61.     Coverage under the Policies' Insuring Agreements only applies to damages that an "insured" must pay as damages because of "bodily injury" caused by an "occurrence" to which coverage applies, and NYM will have the right and duty to defend an "insured" against any suit seeking such damages.

62.     The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

63.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury" are not caused by an accident.

64.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

## COUNT IV
## DECLARATORY JUDGMENT
## NO DUTY TO DEFEND
## KNOWING VIOLATION EXCLUSION

65.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

66.     The Policies contain the Knowing Violation Of Rights Of Another Exclusion ("Knowing Violation Exclusion"), which excludes coverage for "personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and inflict "personal and advertising injury".

67.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "personal and advertising injury" fall within the Knowing Violation Exclusion.

13

68.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

## COUNT V
## DECLARATORY JUDGMENT
## NO DUTY TO DEFEND
## KNOWLEDGE OF FALSITY EXCLUSION

69.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

70.     The Policies contain the Material Published With Knowledge of Falsity Exclusion ("Knowledge of Falsity Exclusion"), which excludes coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

71.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "personal and advertising injury" fall within the Knowledge of Falsity Exclusion.

72.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

## COUNT VI
## DECLARATORY JUDGMENT
## NO DUTY TO DEFEND
## EXPECTED OR INTENDED INJURY EXCLUSION

73.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

74.     The Policies contain the Expected Or Intended Injury Exclusion, which excludes coverage for "bodily injury" that is expected or intended from the insured's standpoint.

75.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury" fall within the Expected Or Intended Injury Exclusion.

14

76.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to defend Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT VII**
**DECLARATORY JUDGMENT**
**PRE-TENDER DEFENSE COSTS NOT COVERED**

77.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

78.     Mrs. Perez incurred attorney's fees and costs before she tendered the Amended Complaint and demanded that NYM pay for her defense.

79.     The CGL Policy's voluntary payments provision requires the insurer's consent before the insured voluntarily makes payments, assumes any obligation, or incurs any expense for damage.

80.     The voluntary payments provision bars reimbursement for attorney's fees and costs voluntarily incurred by Mrs. Perez without NYM's consent before she tendered the Amended Complaint to NYM.

81.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to reimburse Mrs. Perez's pre-tender defense costs for the Underlying Lawsuit.

**COUNT VIII**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**MRS. PEREZ IS NOT AN "INSURED"**

82.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

83.     Coverage under the Policies' Insuring Agreements applies to damages that an "insured" must pay because of "bodily injury", "property damage", and "personal and advertising injury" to which coverage applies.

84.     Under the Policies' Section II – Who Is An Insured, a limited liability company's members are "insureds", but only with respect to the conduct of the company's business.

85.     Under the Policies' Section II – Who Is An Insured, a limited liability company's managers are "insureds", but only with respect to their duties as the company's managers.

86.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury", "property damage", and "personal and advertising injury" are not with respect to the conduct of Roc Nation's business or Mrs. Perez's duties as Roc Nation's CEO.

87.     Consequently, Mrs. Perez does not satisfy the Policies' definition of "insured" for claims alleged in the Amended Complaint.

88.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT IX**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**"PERSONAL AND ADVERTISING INJURY" NOT CAUSED BY AN OFFENSE**
**ARISING OUT OF ROC NATION'S BUSINESS**

89.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

90.     Under the Policies' Insuring Agreement for Personal and Advertising Injury Liability, coverage applies to sums an insured must pay as damages because of "personal and advertising injury" caused by an offense arising out of the named insured's business.

91.     The alleged damages and claims in the Amended Complaint do not constitute damages because of "personal and advertising injury" caused by an offense arising out of Roc Nation's business.

16

92.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT X**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**"BODILY INJURY" NOT CAUSED BY AN "OCCURRENCE"**

93.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

94.     Coverage under the Policies' Insuring Agreements only applies to damages that an "insured" must pay as damages because of "bodily injury" caused by an "occurrence" to which coverage applies.

95.     The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

96.     The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury" are not caused by an accident.

97.     Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT XI**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**KNOWING VIOLATION EXCLUSION**

98.     NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

99.     The Policies contain the Knowing Violation Of Rights Of Another Exclusion ("Knowing Violation Exclusion"), which excludes coverage for "personal and advertising injury"

17

caused by or at the direction of the insured with knowledge that the act would violate the rights of another and inflict "personal and advertising injury".

100.    The claims and damages alleged in the Amended Complaint against Mrs. Perez for "personal and advertising injury" fall within the Knowing Violation Exclusion.

101.    Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT XII**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**KNOWLEDGE OF FALSITY EXCLUSION**

102.    NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

103.    The Policies contain the Material Published With Knowledge of Falsity Exclusion ("Knowledge of Falsity Exclusion"), which excludes coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

104.    The claims and damages alleged in the Amended Complaint against Mrs. Perez for "personal and advertising injury" fall within the Knowledge of Falsity Exclusion.

105.    Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT XIII**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**EXPECTED OR INTENDED INJURY EXCLUSION**

106.    NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

18

107. The Policies contain the Expected Or Intended Injury Exclusion, which excludes coverage for "bodily injury" that is expected or intended from the insured's standpoint.

108. The claims and damages alleged in the Amended Complaint against Mrs. Perez for "bodily injury" fall within the Expected Or Intended Injury Exclusion.

109. Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez in connection with the Underlying Lawsuit.

**COUNT XIV**
**DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY**
**PRIOR PUBLICATION EXCLUSION**

110. NYM incorporates and re-alleges the factual allegations of Paragraphs 1 through 48 as if fully set forth herein.

111. The Policies contain the Material Published Prior To Policy Period Exclusion ("Prior Publication Exclusion"), which excludes coverage for "personal and advertising injury" arising out of publication of material published prior to the policy period.

112. Any alleged damages or claims in the Underlying Lawsuit for "personal and advertising injury" arising out of Mrs. Perez's publication of false statements about the Hadleys prior to November 1, 2023, fall within the Prior Publication Exclusion.

113. Accordingly, NYM is entitled to a declaratory judgment that NYM does not owe a duty to indemnify Mrs. Perez for "personal and advertising injury" arising out of Mrs. Perez's publication of false statements about the Hadleys prior to November 1, 2023.

WHEREFORE, NYM respectfully requests that this Court:

(a) Enter declaratory judgment that NYM owes no duty to defend Mrs. Perez under the Policies in the Underlying Lawsuit.

(b)     Enter declaratory judgment that NYM owes no duty to reimburse Mrs. Perez for her pre-tender defense costs.

(c)     Enter declaratory judgment that NYM owes no duty to indemnify Mrs. Perez for any relief sought in the Underlying Lawsuit.

(d)     Award damages to NYM, including but not limited to reimbursement of all attorney's fees, costs, and expenses incurred by NYM for Mrs. Perez's defense in the Underlying Lawsuit.

(e)     Award NYM its costs; and

(f)     Award NYM any other relief this Court considers appropriate.

Respectfully submitted,

**KENNEDYS CMK LLP**

*/s/ Josh Levy*
Josh Levy
Florida Bar No.: 668311
Ashley Bechtold
Florida Bar No. 1068603
1111 Brickell Avenue
Suite 1300
Miami, Florida 33131
Tel: (305) 371-1111
Email: josh.levy@kennedyslaw.com
ashley.bechtold@kennedyslaw.com

*Attorneys for New York Marine and General
Insurance Company*

Dated: April 3, 2026